IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **LARRY LARMORE o/b/o Michael Larmore** \* | |
| \* | |
| **v.** \* | **Civil Case No. JFM-13-1212** |
| \* | |
| **COMMISSIONER, SOCIAL SECURITY** \* | |
| \* | |
| \*\*\*\*\*\*\*\*\*\*\*\*\* | |

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case was referred to me to review the parties' dispositive cross-motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and Plaintiff's letter reply, which did not provide additional substantive argument. ECF Nos. 13, 19, 20. This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). I find that no hearing is necessary. Local R. 105.6 (D. Md. 2011). For the reasons set forth below, I recommend that the Commissioner's motion be granted and that Plaintiff's motion be denied.

Plaintiff's now-deceased brother, Michael Larmore ("Mr. Larmore"), applied for Disability Insurance Benefits and Supplemental Security Income on August 13, 2009, originally alleging a disability onset date of January 1, 1989.[1] (Tr. 211-17). His claims were denied initially on January 27, 2010, and on reconsideration on September 30, 2010. (Tr. 119-23, 124-27). An Administrative Law Judge ("ALJ") held hearings on September 21, 2011 and January 4, 2012, (Tr. 36-86), and subsequently denied benefits to Mr. Larmore in a written opinion, (Tr. 12-

---

[1] Through counsel, Mr. Larmore later amended his alleged onset date to June 1, 2009. (Tr. 294).

35).    The Appeals Council declined review, (Tr. 3-5), making the ALJ's decision the final, reviewable decision of the agency.

The ALJ found that Mr. Larmore suffered from the severe impairments of depression, anxiety, hepatitis C, knee degenerative joint disease, left leg neuropathy, right shoulder injury status - post surgical repair, and a history of seizures. (Tr. 17). Despite these impairments, the ALJ concluded that Mr. Larmore retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he was limited in all postural exertions to occasional use, without overhead lifting or reaching with his right dominant upper extremity. The claimant is further limited to simple, unskilled (SVP2) work.

(Tr. 20). After considering testimony from a vocational expert ("VE"), the ALJ determined that Mr. Larmore could perform jobs existing in significant numbers in the national economy, and that he was not therefore disabled. (Tr. 28-29).

Plaintiff disagrees with the ALJ's conclusion. He asserts several arguments in support of his appeal: (1) that the ALJ failed to properly consider Listing 1.02; (2) that the ALJ failed to give proper consideration to Mr. Larmore's mental impairments; (3) that the ALJ lacked substantial evidence to conclude that Mr. Larmore could perform sedentary work from a physical standpoint; and (4) that the ALJ insufficiently considered Mr. Larmore's complaints of pain. Each argument lacks merit.

Mr. Larmore's first contention is that the ALJ failed to properly evaluate Listing 1.02. "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990) (emphasis in original). The claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *See Kellough v. Heckler,* 785 F.2d 1147, 1152 (4th Cir. 1986). Listing 1.02 requires the claimant to show major dysfunction of a joint characterized by several criteria, including "gross anatomical deformity," "chronic joint pain and stiffness," and "joint space

narrowing, bony destruction, or ankylosis of the affected joint(s)." 20 C.F.R. Part 404, Subpart P, App. 1, § 1.02. Subpart A pertains to involvement of one major peripheral weight-bearing joint, such as the hip, knee, or ankle, which "result [s] in inability to ambulate effectively." Id. An inability to ambulate effectively is defined as "an extreme limitation of the ability to walk" and "having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." 20 C.F.R. Part 404, Subpart P, App. 1, § 1.00(B)(2)(b). Examples of ineffective ambulation include the inability to walk without the use of a walker, the use of two crutches or two canes, or the inability to carry out routine ambulatory activities, such as shopping and banking. *Id.* There is evidence in Mr. Larmore's record demonstrating chronic pain of his left knee, eventually resulting in knee replacement surgery, and regular use of a single cane. *See, e.g.,* (Tr. 469, 653). It appears, however, that the issues arose from back problems and neuropathy, not from a "gross anatomical deformity" of the knee itself. I can find no evidence of joint space narrowing, bony destruction, or ankylosis as required by the inital paragraph of the Listing, or an "inability to ambulate effectively" as defined by the regulations. Mr. Larmore did not use a walker, or two canes, and there is no evidence that he could not carry out routine ambulatory activities, such as shopping or attending church, with the use of a single cane. See (Tr. 243, 263). I therefore find no basis to remand for further evaluation of Listing 1.02.

Plaintiff next contends that the ALJ engaged in an insufficient consideration of Mr. Larmore's mental impairments. Pl. Mot. 28-33. Specifically, Plaintiff asserts that the evaluation of Mr. Larmore by a consultative examiner, Dr. Eva Anderson, supports more stringent mental health-related limitations than found by the ALJ in the RFC assessment. Pl. Mot. 29-31. Plaintiff is correct in noting that the ALJ's specific assignment of weight to Dr. Anderson's opinion is limited to Dr. Anderson's finding that Mr. Larmore could "understand and follow

simple instructions independently." (Tr. 27). However, the ALJ discussed other aspects of Dr. Anderson's evaluation of Mr. Larmore throughout her opinion, evidencing a thorough review of Dr. Anderson's report. (Tr. 18, 19, 23). The report from Dr. Anderson, like the other evidence of record, contains certain evidence mitigating in favor of a finding of disability and other evidence corroborating the ALJ's conclusion that Mr. Larmore was capable of substantial gainful employment. *See, e.g.,* (Tr. 19) (noting Dr. Anderson's finding that Mr. Larmore exhibited attention problems and had impaired concentration and memory); (Tr. 23) (noting Dr. Anderson's findings that Mr. Larmore exhibited clear and logical speech, calmed his anxiety throughout the evaluation, and demonstrated good judgment). In addition to the excerpts from Dr. Anderson's evaluation, the ALJ cited to other mental health evidence supporting her conclusions, including information from Mr. Larmore's Adult Function Reports showing an ability to participate in normal activites, (Tr. 18-19), and reports from mental health appointments reflecting improved symptoms and psychiatric stability. (Tr. 21, 23, 24). This Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Here, the ALJ's decision meets that standard. Moreover, the limitation of Mr. Larmore to "simple, unskilled (SVP2) work" is not an inherently deficient RFC analysis, in the absence of evidence demonstrating the necessity of other specific limitations.

Plaintiff further contends that the ALJ lacked substantial evidence to conclude that Mr. Larmore was physically capable of sedentary work. Pl. Mot. 33-43. Plaintiff relies primarily on the conclusion of consultative examiner Dr. Mohammed Zamani that Mr. Larmore was "unable to do any gainful employment." (Tr. 27). However, the ALJ expressly considered Dr. Zamani's conclusion, but assigned it "little weight," citing its inconsistency with several other specific

medical records in Mr. Larmore's file. *Id.* (citing excerpts from treatment notes from Dr. Donaher, Dr. Morgan, and Ms. Tyres). Like with Dr. Anderson's evaluation, Plaintiff is able to cite to various other excerpts from those same medical records which arguably could support a finding of disability. Pl. Mot. 36-39. However, in light of the presence of substantial evidence to support the ALJ's position, the mere existence of some contrary evidence is insufficient to permit Plaintiff to prevail under the applicable and deferential standard of review.

Although not broken out as a separate argument heading, Plaintiff further contends that the ALJ erred in determining Mr. Larmore's RFC. Therefore, Plaintiff reasons, the ALJ should not have relied upon the VE's testimony adduced in response to the hypothetical comporting with that RFC assessment, and instead should have credited the VE's response to a different hypothetical premised upon a different RFC assessment. Pl. Mot. 40-43. However, the ALJ is afforded "great latitude in posing hypothetical questions and is free to accept or reject suggested restrictions so long as there is substantial evidence to support the ultimate question." *Koonce v. Apfel*, 166 F.3d 1209, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999) (citing *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986)). The fact that the ALJ asked multiple hypothetical questions to the VE at the hearing does not require the ALJ to later credit all of the provisions of each hypothetical, so long as the RFC assessment eventually adopted by the ALJ is supported by substantial evidence.

Finally, Plaintiff asserts that the ALJ made an improper adverse credibility assessment regarding Mr. Larmore's complaints of pain. Pl. Mot. 43-45. First, the ALJ cited the correct standard governing a credibility assessment. (Tr. 24). In addition, the ALJ provided a thorough explanation of the evidence upon which she relied in making the adverse credibility assessment, including the objective medical evidence pertaining to both Mr. Larmore's mental and physical symptoms (Tr. 24-25), the evidence of Mr. Larmore's activities of daily living (Tr. 25), and the

opinion evidence from the various medical sources. (Tr. 26-27). The fact that Plaintiff is able to cite to numerous incidents in which Mr. Larmore reported disabling pain to his physicians does not itself corroborate the alleged level of pain he experienced. Because the ALJ supported her conclusions with substantial evidence, remand is not warranted.

CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment (ECF No. 19); and

2. the Court DENY Plaintiff's Motion for Summary Judgment (ECF No. 13) and CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: June 13, 2014                                                                /s/
                                                                                              Stephanie A. Gallagher
                                                                                              United States Magistrate Judge